The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBEL KELETA GOITOM,<br><br>Defendant. | NO. CR24-040 RSL<br><br>GOVERNMENT'S RESPONSE TO GOITOM'S MOTION FOR A *FRANKS* HEARING |

## I.     INTRODUCTION

Robel Goitom has not met the threshold requirements for the Court to grant a *Franks* hearing. The firearm was lawfully recovered from his vehicle under the automobile exception and in a search incident to his arrest on suspicion of DUI and unlawful possession of a firearm. The firearm would also have inevitably been discovered. These three independent reasons to conclude that the firearm was lawfully discovered mean that the Court should deny Goitom's request for a hearing under *Franks*. And even setting those three reasons aside, Goitom's motion fails to show that Officer French's warrant affidavit contains material false information within the meaning of *Franks*. Goitom's motion should be denied.

Government's Response to Goitom's Motion for a *Franks* hearing - 1
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. STATEMENT OF THE FACTS

On a day in October 2023, SPD Officers French and Lentz saw a Jeep driving on the sidewalk on Aurora Avenue in Seattle around 2:00 am. Exhibit A, Officer French's In Car Video 00:50–01:10. As Officer French approached Goitom's car, he saw Goitom placing a gun in the center console. Dkt. 39 at 15–19. The two officers then quickly ordered Goitom to get out of his car. Exhibit C, Officer Lentz's Body Worn Video at 00:00. Officer French asks Goitom if he had weapons on him and what he had hidden in the center console. Exhibit C, Officer Lentz's Body Worn Video at 00:13. The officers smelled a strong odor of alcohol on Goitom's breath and noted that he had slurred, slow, and mumbled speech. They also saw that Goitom's eyes were glossy and bloodshot, and his eyelids were droopy. Dkt. 39 at 15–19. Officer French ran a criminal history check and learned that Goitom was a felon on federal probation. After Goitom refused to take field sobriety tests, he was arrested for DUI. Officer French returned to Goitom's vehicle, announcing that "it's getting towed, so I need to do an inventory search." Exhibit B, Officer French's Body Worn Video at 10:31. Officer French opened the center console and found the firearm. *Id*. Officer French exclaimed, "gun" "I knew it, I fucking saw it." *Id*. at 10:31–10:42.

A few minutes later, when the officers were transporting Goitom to jail, Officer French told Goitom that he saw him put a gun in the center console. Exhibit B, Officer French's Body Worn Video at 16:25–16:49. Goitom denied doing so. *Id*. Officer French applied for a search warrant to search Goitom's vehicle for DUI and unlawful firearm possession. Dkt. 39 at 15–19. The warrant affidavit stated that French saw Goitom put the firearm in the center console and described the reasons to think that Goitom was intoxicated. The court authorized a search for evidence of DUI and unlawful possession of a firearm. *Id*.

Government's Response to Goitom's Motion for a *Franks* hearing - 2
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. ARGUMENT

Under *Franks*, a defendant challenging the validity of a search warrant affidavit must show that (1) the affidavit contained false statements or omissions; (2) those false statements or omissions were made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or omissions were "material" in that probable cause would not have existed without them. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

The *Franks* inquiry "begins with a presumption that an affidavit in support of a search warrant is valid." *United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004). To receive a *Franks* hearing, a defendant's "attack" on a warrant affidavit "must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. The defendant must make a "substantial preliminary showing" of a *Franks* violation. *Id*. at 155. The *Franks* burden is a "heavy" one. *United States v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171.

Here, Goitom has not carried his burden on any prong of the *Franks* test, let alone all three prongs. He therefore has no right to a *Franks* hearing.

**A. Goitom identifies no false statement or omission in the affidavit**

Goitom cannot overcome the presumption that the affidavit in support of the warrant to search his car was valid. He claims that there are three false statements in the affidavit—that Officer French was driving northbound on Aurora when he spotted Goitom driving on the sidewalk, that he told Goitom to "exit the vehicle and walk in front of my patrol car," and that he saw Goitom put a gun in the center console. Dkt. 39 at 9. But he concedes that the first two statements were irrelevant to probable cause, *id*. at 10, so the only question here is whether he has made a substantial showing that Officer French's statement that he saw Goitom put the firearm in the center console was a "deliberate falsehood." *Franks*, 438 U.S. at 171.

Government's Response to Goitom's Motion for a *Franks* hearing - 3
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Goitom's motion does not make a substantial showing on that point. He says that
2 Officer French's statement that he saw Goitom put a gun in the center console was false
3 because the "behavior of the officers and the way they interacted with Mr. Goitom" do not
4 make it seem like they knew that Goitom had a firearm. Dkt. 39 at 10. In support, he cites
5 Officer French's testimony in an unrelated case, which he says shows that Officer French
6 would have arrested Goitom immediately if Officer French knew there was a firearm in the
7 car.
8    Goitom's argument ignores several key facts. First, the videos of the encounter and
9 Goitom's arrest show that Officer French did see Goitom put something in the center
10 console—Officer French asks Goitom what he put in the console shortly after Goitom gets
11 out of his car. And Officer French repeatedly stated before he wrote the search warrant
12 affidavit that he knew what Goitom put in the center console—he says that he saw Goitom
13 put a gun in the center console when he finds the firearm ("I knew it") and in a discussion
14 with Goitom on the way to the police station. Exhibit B, Officer French's Body Worn
15 Video at 10:31, 12:20–12:50, 14:15–14:45, 16:21–16:49; Exhibit A, Officer Lentz's Body
16 Worn Video at 00:14.
17    Goitom nevertheless asks this Court to infer from Officer French's exchange with
18 Goitom before the arrest, during which Officer French asked Goitom what he put in the
19 center console but does not say that he saw a gun, that Officer French did not know what
20 he had seen. Dkt. 39 at 11. But Officer French's decision to ask Goitom what he put in the
21 console rather than telling Goitom that he knew it was a gun do not mean that Officer
22 French did not see a gun. Instead, Officer French's questions are best understood as an
23 investigative attempt to get Goitom to admit that he had a gun.
24    Goitom also asks this Court to infer that Officer French did not see a gun because
25 (in Goitom's view) Officers French and Lentz did not seem concerned about their own
26 safety during their encounter with Goitom. But the officers acted quickly here to separate
27

1  Goitom and the firearm; Goitom's motion estimates that the officers had Goitom out of the
2  car within six seconds of approaching it, Dkt. 39 at 4. The officers immediately directed
3  Goitom away from his vehicle and to the front bumper of their patrol car. Exhibit A, Officer
4  French's In Car Video at 1:40–1:58. And while Goitom claims that there were pedestrians
5  in the area (Dkt. 39 at 10), officers were watching the car the entire time and none of the
6  pedestrians approached the vehicle. Exhibit D, SPD Officer Following Tow Truck 3:20–
7  26:20. As such, Goitom's suggestion that the officers would have displayed concern that
8  someone else would get into the car if they were aware of the firearm is misplaced. Also,
9  when Officer French questioned Goitom about what he put in the center console, Goitom
10 was already out of the car and separated from the gun, but Officer French did not yet know
11 that Goitom had a felony conviction, so keeping the interaction low-key was a reasonable
12 choice for officer safety.

13      Goitom also says that Officer French's testimony at a recent hearing in a different
14 case proves that Officer French did not know that Goitom had a gun because it shows that
15 Officer French would have handcuffed Goitom as soon as he got out of the car. Dkt. 39 at
16 10. But Goitom misses a key fact in the hypothetical put to Officer French at that hearing:
17 "had you know there was a firearm in the car, *since you knew he was a felon*, would that
18 have altered your conduct in this instance." *Id*. at 48:3–6. Officer French did not know that
19 Goitom was a felon during most of the interaction with Goitom, and the officers arrested
20 Goitom for DUI shortly after they learned that fact. So Officer French's testimony does not
21 support Goitom's argument here.

22      Goitom, at best, has provided a "conclusory allegation" that Officer French lied
23 about seeing Goitom hide the firearm. This is insufficient to carry his *Franks* burden. The
24 Court should deny his request for a *Franks* hearing.

Government's Response to Goitom's Motion for a *Franks* hearing - 5  
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

### B. The alleged defects were neither intentional nor reckless

Even if Goitom could show that the statement in the warrant affidavit was false, he could not show that it was intentional or reckless rather than merely negligent. And negligence doesn't trigger a *Franks* hearing or suppression. *Herring v. United States*, 555 U.S. 135, 145 (2009); *Franks*, 438 U.S. at 171.

Goitom's motion fails to support his claim of deliberately falsity or recklessness. He concedes by implication that Officer French saw Goitom put *something* into the center console. Yet he makes no argument that the difference between stating "I saw the driver put a firearm in the center console" and "I saw the driver put an object that I suspected was a firearm in the center console" could only be the product of a deliberate attempt to mislead the magistrate judge, as opposed to imprecision. And if Officer French had made the second statement instead of the first, he could also have told the magistrate judge that the driver denied having put anything in the console. Those two facts together—an object that looks like a firearm plus a suspect's denial that there was any object—amount to articulable facts suggesting that there was a firearm in the center console, so the imprecise statement (if it was imprecise) was not reckless or deliberately false.

Instead of citing anything in the record to show that Officer French was being deliberately misleading, Goitom points to a suppression hearing in a different case and says that "Officer French's veracity as also called into question" in that case. Dkt. 39 at 10 n.1. But while the district court there granted a motion to suppress, it did not make any adverse credibility finding and decided the motion without a *Franks* hearing. *United States v. Russell*, CR23-408, Dkt. 89. That proceeding thus fails to provide any support for Goitom's suggestion that Officer French was deliberately misleading or reckless here.

Goitom also argues that Officer French was deliberately misleading or reckless because he did not tell the magistrate judge that he found the firearm in the console when he looked in the console after the arrest. But that fact would have bolstered probable cause

Government's Response to Goitom's Motion for a *Franks* hearing - 6
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

rather than undermined it, so its omission it was not misleading or reckless. Instead, it is best understood as an effort to set before the magistrate as neutrally as possible the facts known to Officer French before he confirmed that there was a firearm in the center console. Goitom's contention that Officer French deliberately misled the magistrate judge is unsupported.

### C. The alleged defects are immaterial to probable cause in any event

If the statement that Officer French saw Goitom put a firearm in the center console is excised from the warrant affidavit and replaced with a statement that Officer French saw Goitom put an object that he suspected was a firearm in the center console (along with Goitom's denial), the magistrate judge would have found probable cause to believe that a search of the center console would reveal a firearm. But even if the Court disagrees with that conclusion, the alleged misstatements and omissions here were immaterial because the warrant affidavit supports probable cause to search the car for evidence of DUI.

Officer French's search warrant application sought permission to search Goitom's car for evidence of unlawful possession of a firearm *and* DUI. Dkt. 39 at 17–19. The search warrant states that the affidavit sets out probable cause to believe that Goitom was guilty of "11.56.020 DUI" in addition to unlawful possession of a firearm and authorizes a search for "evidence of that/those crimes(s); or contraband…or weapons…is concealed in or on certain premises, vehicles, or persons." Dkt. 39 at 15–16. Goitom makes no argument that the search warrant affidavit failed to set out probable cause for the DUI offense or contained false or misleading statements about Officer French's probable cause to believe that Goitom drove under the influence. The search warrant would have issued for the DUI alone, as explained in the government's opposition to the motion to suppress. Goitom's allegations of falsity are thus immaterial, and his motion must be denied.

Government's Response to Goitom's Motion for a *Franks* hearing - 7
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

rather than undermined it, so its omission it was not misleading or reckless. Instead, it is best understood as an effort to set before the magistrate as neutrally as possible the facts known to Officer French before he confirmed that there was a firearm in the center console. Goitom's contention that Officer French deliberately misled the magistrate judge is unsupported.

### C. The alleged defects are immaterial to probable cause in any event

If the statement that Officer French saw Goitom put a firearm in the center console is excised from the warrant affidavit and replaced with a statement that Officer French saw Goitom put an object that he suspected was a firearm in the center console (along with Goitom's denial), the magistrate judge would have found probable cause to believe that a search of the center console would reveal a firearm. But even if the Court disagrees with that conclusion, the alleged misstatements and omissions here were immaterial because the warrant affidavit supports probable cause to search the car for evidence of DUI.

Officer French's search warrant application sought permission to search Goitom's car for evidence of unlawful possession of a firearm *and* DUI. Dkt. 39 at 17–19. The search warrant states that the affidavit sets out probable cause to believe that Goitom was guilty of "11.56.020 DUI" in addition to unlawful possession of a firearm and authorizes a search for "evidence of that/those crimes(s); or contraband…or weapons…is concealed in or on certain premises, vehicles, or persons." Dkt. 39 at 15–16. Goitom makes no argument that the search warrant affidavit failed to set out probable cause for the DUI offense or contained false or misleading statements about Officer French's probable cause to believe that Goitom drove under the influence. The search warrant would have issued for the DUI alone, as explained in the government's opposition to the motion to suppress. Goitom's allegations of falsity are thus immaterial, and his motion must be denied.

Government's Response to Goitom's Motion for a *Franks* hearing - 7
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

The Court should deny Goitom's request for a *Franks* hearing.

Dated this 6th day of February 2025

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/Erika J. Evans*
Erika J. Evans
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
Email: Erika.Evans@usdoj.gov

*I hereby certify that this pleading contains 2,294 words, in compliance with the Local Criminal Rules.*

Government's Response to Goitom's Motion for a *Franks* hearing - 8
*United States v. Goitom*, CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970