Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBEL KELETA GOITOM,<br><br>Defendant. | NO. CR24-040 RSL<br><br>UNITED STATES SENTENCING MEMORANDUM |

### I.    Introduction.

Robel Goitom has made clear – through his behavior since 2017 – that he is not ready to change his dangerous behavior, cease his criminal activities, or comply with the conditions of supervised release. This Court is scheduled to sentence Goitom on his second federal prosecution and for violations of the ongoing term of supervised release on the first federal prosecution. In between the two federal cases, Goitom was convicted of multiple felonies involving his use of a firearm and served a 38-month state sentence. Throughout this period, Goitom has had every opportunity to engage in mental health and substance abuse treatment. Despite these many opportunities, Goitom has consistently engaged in criminal activity and violated the terms of supervision in a myriad of ways. The relatively lenient treatment Goitom has received in federal court has not been productive. This Court should now impose a 60-month sentence and a new three-year term of supervision.

Sentencing Memorandum - 1
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. Background.

### A. Goitom's 2017 Federal Prosecution.

By the time Goitom had his first involvement with the federal criminal justice system, he had already been convicted of multiple felony and gross misdemeanor offenses in state court, including in 2016 for Unlawful Possession of a Firearm. PSR ¶ 38 (police officers recovered a stolen 9mm semi-automatic handgun with an extended magazine from Goitom's vehicle).

In 2017, Goitom was charged in federal court for his participation in a large-scale bank fraud scheme and his unlawful possession of a firearm. PSR ¶ 40. Goitom "participated in a large credit card fraud conspiracy, involving counterfeit 'cloned' credit cards encoded with stolen credit card account numbers." PSR ¶ 40. Goitom used the counterfeit cards to make "high value purchases" resulting in losses of over $60,000. PSR ¶ 40. He was arrested driving a vehicle erratically under the influence of marijuana. In the vehicle, officers recovered a 9mm semi-automatic handgun with an extended magazine and evidence related to the credit card scheme. PSR ¶ 40.

Goitom pleaded guilty to Unlawful Possession of a Firearm and Bank Fraud. CR17-132, Dkt. 40. The Honorable John C. Coughenour imposed a 23-month sentence and a three-year term of supervised release. CR17-132, Dkt. 52.

### B. Goitom's Repeated Violations of Supervised Release.

Goitom's term of supervised release didn't go well. And that's an understatement. He repeatedly violated the conditions of his release by committing new crimes and in other ways. And he consistently received leniency from the court during the supervised release proceedings.

In January 2019, the Probation Office alleged that Goitom violated supervised release by drinking alcohol and committing three misdemeanor offenses – Obstructing a Law Enforcement Officer, Hit and Run, and Driving While License Suspended. CR17-

Sentencing Memorandum - 2
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

132, Dkt. 54. The police reports suggested that Goitom not only caused substantial property damage while driving under the influence of alcohol and then fled the scene, but that he also encouraged his father to conceal evidence and otherwise attempted to obstruct the law enforcement investigation. CR17-132, Dkt. 67, Exhibit 1. Goitom admitted the violations. CR17-132, Dkt. 69. The court did not impose any custodial sanction, instead deferring the punishment to the municipal court presiding over the misdemeanor case. CR17-132, Dkt. 69.

In October 2019, Goitom violated the terms of supervision by committing the crime of Soliciting a Prostitute. CR17-132, Dkt. 71. Goitom was released on an appearance bond. CR17-132, Dkt. 76. Three weeks later, he was arrested by police officers for multiple felony offenses – Assault in the First Degree, Possession of a Stolen Firearm, and Unlawful Possession of a Firearm. CR17-132, Dkt. 80-81. Goitom had been kicked out of a Belltown nightclub but returned shortly thereafter – brandishing a firearm. He pointed the gun at three club employees. During a struggle, Goitom discharged the firearm into the ground. He was eventually subdued and arrested by police officers. CR17-132, Dkt. 81. Goitom pleaded guilty in King County Superior Court to Unlawful Possession of a Firearm and three counts of Felony Harassment and was sentenced to a 38-month term of imprisonment. PSR ¶ 41. Goitom subsequently admitted to related violations of supervised release. The Court revoked the term of supervised release and imposed a "time-served" sentence and a new term of 24-months supervision. CR17-132, Dkt. 117, 122.

Goitom started his second term of supervised release on March 1, 2022. CR17-132, Dkt. 123. In July 2022, Goitom suffered a gunshot wound to his arm. This likely occurred during a shootout outside of a nightclub in downtown Seattle. Shortly after police officers responded to the nightclub shooting, Goitom entered Harborview Medical Center with a gunshot wound. When he arrived at the hospital, Goitom had $7,000 cash

Sentencing Memorandum - 3
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

on his person. Goitom denied being at the nightclub to investigating police officers and his Probation Officer. CR17-132, Dkt. 123.

A month later, in August 2022, Seattle Police Department officers encountered Goitom and a group of individuals standing around his silver BMW in a high-drug area. Goitom quickly drove away after he saw the officers. Fifteen minutes later, officers observed Goitom's vehicle in another high-drug area of the city. Goitom later told his Probation Officer that he wasn't involved in these incidents and that he lent his vehicle to "a friend." CR17-132, Dkt. 123.

Three weeks later, in September 2022, police officers in Shoreline trespassed Goitom from the Goldies Casino late at night because he was "intoxicated and unruly." CR17-132, Dkt. 123.

In April 2023, the Probation Office filed a petition alleging that Goitom violated the conditions of release by failing to maintain employment, consuming alcohol, and failing to participate in Moral Reconation Therapy. CR17-132, Dkt. 132. Goitom's probation officer noted that Goitom had been unemployed for 13 months and participated in Moral Recognition Therapy sessions while driving. CR17-132, Dkt. 123. Goitom argued that "his 'attitude' should not be the basis for a violation." CR17-132, Dkt. 134, p. 6. The Court sharply admonished Goitom for his poor attitude toward supervision and continued the term of supervised release. CR17-132, Dkt. 137.

In September 2023, Goitom again consumed alcohol and failed to appear for a drug test. The Court took no action. CR17-132, Dkt. 140.

Goitom next violated the terms of supervision by failing to appear for a drug test and committing the crime of Unlawful Possession of a Firearm (the same incident that led to the instant prosecution). CR17-132, Dkt. 141.

//

//

Sentencing Memorandum - 4
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Offense Conduct Underlying Goitom's Second Federal Prosecution.

At approximately 2:00 a.m. on October 1, 2023, Seattle Police Department officers patrolling Aurora Avenue North observed Goitom driving a Jeep on the sidewalk. Goitom was yelling at a woman dressed in revealing clothing and high heels (believed to be a sex worker). Officers pulled behind Goitom's vehicle and the woman quickly walked away.

Officers ordered Goitom out of the car. Officers observed a bottle of alcohol on the front passenger floor of the car and a cup that they believed contained alcohol in the cupholder. They moved Goitom from his vehicle to the front of their patrol car. Officers smelled a strong odor of alcohol on Goitom's breath and observed his slurred, slowed, and mumbled speech. Goitom's eyes were glossy and bloodshot, and his eyelids were droopy. Officers ran a criminal history check which revealed that Goitom was a convicted felon on federal supervision.

Officers asked Goitom if he wanted to take field sobriety tests, but he declined. Officers arrested Goitom for Driving Under the Influence. Officers then conducted an inventory search of the vehicle and located a Glock 19 9mm semi-automatic pistol in the center console. The firearm had a round in the chamber and an extended 30-round magazine next to it. This was the third time police officers had recovered a semi-automatic pistol loaded with an extended capacity magazine from a vehicle driven by Goitom. *See* PSR ¶¶ 38 (arrest in July 2016); 40 (arrest in April 2017); 12 (arrest on October 1, 2023).

### III. The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations in the Presentence Report. Specifically, the total offense level is 19; Goitom falls within Criminal History Category VI; and there is a resulting advisory Guidelines range of 63-78 months.

Sentencing Memorandum - 5
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. Sentencing Recommendation.

The government recommends that the Court sentence Goitom to a term of imprisonment of 60 months and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support this sentence, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

Goitom's offense conduct was extremely serious. "Illegal gun possession harms our community and has led to numerous tragic deaths." PSR Sentencing Recommendation at 5. Goitom possessed a firearm – with an extended clip 30-round magazine – while driving drunk at 2:00 a.m. in a high drug and sex trafficking area. This put himself and others at risk in the event of a dispute or confrontation. And in Goitom's case, this is from a theoretical concern – he had previously used firearms to commit violent crimes and had himself been the victim of gun-related violence.

Goitom's history and characteristics contain both aggravating and mitigating factors. The government acknowledges that Goitom suffers from mental health and substance abuse issues, as documented in the Presentence Report. And his upbringing presented some challenges. On the other hand, Goitom had the type of family support that many defendants who appear before this Court do not enjoy. His parents live together in marriage, they both work good jobs, and Goitom has a good relationship with both of his parents. PSR ¶ 56. Goitom's brother is employed as an accountant. PSR ¶ 56. His family "enjoyed a comfortable working-class standard of living and never went without anything they needed." PSR ¶ 58. "His mother was loving, caring, and generous . . . [and] his father . . . was also very supportive of Mr. Goitom." PSR ¶ 58. When his parents saw

Sentencing Memorandum - 6
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Goitom "hanging out with a delinquent crowd . . . [they] disapproved of his behavior and pushed him to do well in school." PSR 62.

Goitom's extensive criminal history – landing him in the maximum criminal history category of VI – is an obvious aggravating factor. The Court should take particular note of the recidivist nature of Goitom's criminal history – especially with regard to firearm offenses.

> No sentence on any of the prior firearms conviction[s] has succeeded in deterring Mr. Goitom from possessing firearms again and again. … Mr. Goitom has demonstrated a prolonged attitude of disrespect for the law. … [S]everal of his criminal convictions involve violence. Past terms of custody do not appear to have deterred him from his continued involvement in criminal activity. Instead, the severity of Mr. Goitom's criminal conduct indicates he continues to pose a significant risk to the community. … The continued seriousness of his criminal conduct after [his last 38-month sentence] demonstrates he remains a risk to the public and he has yet to be deterred.

PSR Sentencing Recommendation at 4-6.

Goitom's disrespect for the law is further evidenced by his repeated violations of the terms of his supervised release. As just one example, he has frequented nightclubs and casinos while on supervision – despite his alcohol addiction, his several prior DUI convictions[1], and conditions of release that prohibit him from consuming alcohol. Goitom refuses to make even the most basic adjustments to his lifestyle that are necessary to avail himself of treatment opportunities and rehabilitate himself. His conduct makes clear that a substantial sentence is necessary to protect the public from Goitom's future activities and to emphasize that he must comply with the Court's orders after he serves the sentence.

//
//

---

[1] Goitom was convicted of DUI three times in five years. PSR ¶¶ 38, 39, 44.

Sentencing Memorandum - 7
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V.      Conclusion.

For all these reasons, a sentence of 60 months of imprisonment is the appropriate sentence in this case. The government also recommends that the Court impose a term of three years of supervised release, with all the conditions recommended by the Probation Office. The government further recommends that the Court impose a sentence of time-served in the pending supervised release case (CR17-132) and terminate supervision in that case.

DATED this 16th day of June, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

 *s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2636
Fax: 206-553-4440
Email: Todd.Greenberg4@usdoj.gov

Sentencing Memorandum - 8
*United States v. Goitom,* CR24-040 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970